1  **JONES & DYER**
   **A Professional Corporation**
2  **1800 J Street**
   **Sacramento, California 95811**
3  **Telephone: (916) 552-5959**
   **Fax: (916) 442-5959**
4
   **MARK A. JONES, State Bar #96494**
5  **KRISTEN K. PRESTON, State Bar #125455**

6  Attorneys for Defendants County of Napa and Jose Rossi

7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11 ROBERT JONES,                              ) NO. C 07 3054 JSW
                                              )
12               Plaintiff,                   ) **MEMORANDUM OF POINTS AND**
                                              ) **AUTHORITIES IN SUPPORT OF**
13 vs.                                        ) **MOTION TO DISMISS COMPLAINT**
                                              )
14 NAPA POLICE DEPARTMENT, COUNTY OF          ) Date:   August 22, 2008
   NAPA, CITY OF NAPA; MICHELLE JONES;        ) Time:   9:00 a.m.
15 THOMAS TOLER, dba Toler Bail Bonds; JOSE   ) Courtroom 2, 17th Floor
   ROSSI; and DOES 1-100, individually and as ) Hon. Judge Jeffrey S. White
16 employees or agents of the City or County of Napa, )
                                              )
17               Defendants.                  )
                                              )
18 _____      )

19
                                    **I.**
20
                     **ALLEGATIONS OF THE COMPLAINT**
21
         Plaintiff Robert Jones filed his complaint on June 12, 2007, naming as defendants Napa
22
   Police Department, County of Napa, City of Napa, Michelle Jones, Thomas Toler dba Toler Bail
23
   Bonds, Jose Rossi and Does 1-100 "individually and as employees of Agents of THE CITY or
24
   County OF NAPA." The complaint was received by Defendants Rossi and County of Napa on or
25
   about June 10, 2008.
26
         Plaintiff's complaint contains a detailed account of his March 15, 2005, arrest and subsequent
27
   incarceration, prosecution and conviction of unspecified charges. He alleges that he was arrested by
28

officers of the Napa City Police Department and that he was a detainee at the Napa County Jail. He alleges he was beaten or otherwise injured at the hands of the officers. He further alleges that during his detention at the jail he was housed in a "Pod" as well as Administrative Segregation. Plaintiff alleges that he was tried for unspecified felony charges in December 2005 and that a jury, after one hour's deliberation, found him guilty. Plaintiff alleges these criminal charges were appealed; however the outcome of the appeal is not alleged.

With respect to defendant County of Napa, plaintiff alleges that the County is a "governmental agency." Complaint at 2:15. Plaintiff further alleges as to this defendant:

> [County] promulgated, encouraged, administered, and/or permitted the policies, practice and/or procedures and actions of its employees. This constitutes and/or engenders a circumstance and/or environment of deliberate indifference to the rights and safety of citizens of the community. The entities are referred to interchangeably herein.
> Complaint at 2:15-19.

No other allegations are made specifically concerning the County of Napa.

With respect to Jose Rossi, the plaintiff identifies this defendant as "a county governmental employee." Complaint at 2:22-23. Plaintiff further alleges as to this defendant:

> [Rossi] works for the County of Napa, which promulgated, encouraged, administered, and/or permitted, the policies, practices, and/or procedures of the County under which the individual defendant employee committed the acts or omissions complaint of herein, and either intentionally or negligently, whether as a result of policies, practices, or procedures, or as a result of ineffective, nonexistent, or inadequate training and education of employees, caused or were otherwise responsible for the acts or omissions of said employees as complained of herein, and plaintiffs allege that the policies, practices, and/or procedures of Napa County, as determined and effected by the individual defendant and other employees of Napa County, constitute and/or engender a circumstance and/or environment of deliberate indifference to the rights and safety of citizens of the community. The entities are referred to interchangeably herein. Complaint at 2:23-3:9.

Plaintiff alleges as against Rossi that Rossi met with Jones' ex-wife, co-defendant Michelle Jones (Complaint 8:1-3); that Rossi made "truth omissions" (Id., at 8:14-17); that Rossi added felony charges against plaintiff as a result of Rossi's meeting with Mrs. Jones but these charges were subsequently dismissed (Id., at 11:18-20); that Rossi contacted co-defendant Toler, an alleged bail bondsman, with "disinformation" (Id. at 13:20-14:8); that the District Attorney's Office suppressed

1  evidence, the exact nature of which is not alleged (Id. at 17:22-18:2); that Rossi made false
2  statements in court (Id. at 3-11); that Rossi's statements in court resulted in death threats to plaintiff
3  by plaintiff's fellow inmates (Id. at 18:15-22); and that plaintiff "worked with" the Napa County
4  District Attorney and child molestation investigators (Id. at 19:14-17).

5      Plaintiff's complaint sets forth thirteen causes of action.  The First and Second Causes of
6  action are based on 42 U.S.C. 1983 alleging civil rights violations relating to the arrest and search of
7  plaintiff; the Third and Fourth Causes of action are based on California Civil Code section 52.1 for
8  civil rights violations relating to the arrest and search of plaintiff; the Fifth through Thirteenth
9  Causes of Action allege various intentional and negligent torts, including intentional infliction of
10 emotional distress, false arrest, assault and battery, negligent infliction of emotional distress,
11 trespass, conspiracy, intentional and negligent interference with prospective economic advantage,
12 and "slander, libel, terrorist threats, eavesdropping (sic), and wiretap."

13     All causes of action are alleged "against all defendants."  No specific factual information is
14 alleged nor attributed to any specific defendant in relation to any alleged cause of action.

## II.

## DISMISSAL IS PROPER IN THAT PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST DEFENDANTS COUNTY OF NAPA AND JOSE ROSSI

### A. Standards for Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss

19     Federal Rules of Civil Procedure provide that a motion to dismiss is appropriate where the
20 plaintiff fails to state a claim upon which relief can be granted.  (Fed.R.Civ.P. 12(b)(6).)  A Rule
21 12(b)(6) dismissal is proper where it appears on the face of the complaint that either there is a lack of
22 cognizable legal theory or where there is an absence of facts alleged under a cognizable legal theory.
23 (Ballistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).)

24     A motion pursuant to Rule 12(b)(6) challenges the sufficiency of the plaintiff's complaint.
25 Reviewing the sufficiency of the complaint, the question before the court "is necessarily a limited
26 one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled
27 to offer evidence to support the claims."  (Scheurer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct 1683
28 (1974).)  Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper when "plaintiff

can prove no set of facts in support of [her] claim which would entitle [her] to relief." (Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).)

The court, construing the complaint in the light most favorable to the plaintiff and accepting all well pleaded factual allegations as true, must determine whether the plaintiff can prove any set of facts to support a claim that would merit relief. (Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-338 (9th Cir. 1996).)

**B.    Plaintiff Files to Allege Facts Sufficient to State the Timeliness of Any Cause of Action.**

Plaintiff's causes of action, all sounding in tort claims for personal injury, are governed by a two year statute of limitations. (CCP 335.1; Owners v. Okure, 488 U.S. 225, 109 S.Ct. 573 (1989) - Courts have borrowed the state's personal injury statute of limitations for 42 U.S.C. § 1983 actions.) He alleges an arrest date of March 15, 2005, presumably the date upon which he claims the events occurred giving rise to his causes of action. Plaintiff fails to allege any other dates upon which his claims are based. Plaintiff fails to allege any facts upon which any tolling provisions would apply. As such, on its face plaintiff's complaint fails to state facts sufficient to demonstrate he has complied with the applicable limitations.

**C.    Plaintiff Fails to Allege Facts Sufficient to State Any Cause of Action for Intentional or Tortious Conduct of Defendants County of Napa or Jose Rossi**

Plaintiff's fifth through thirteenth causes of action are premised alleged liability in tort. Premised on tort liability, allegations against public entity defendants must necessarily also allege compliance with the California Tort Claims Act. (State v. Superior Court (2004) 32 Cal.4th 1234, 1239.) Plaintiffs' complaint fails to allege that any claim was submitted to these demurring defendants within the requisite time limitations imposed by the Act. (Id., at page 1243: "[W]e conclude that a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint is subject to general demurrer for failure to state facts sufficient to constitute a cause of action.") Given the dates of the incidents alleged in plaintiff's complaint, absent some applicable tolling provision, no claim can now be timely presented such that plaintiff may pursue these causes of action sounding in tort. Absent a showing that plaintiff can

allege compliance, defendants' 12(b)(6) challenge must be sustained.

///

///

### D.  Plaintiff Fails to Allege Facts Sufficient to State Any Cause of Action Against Jose Rossi

Plaintiff bases his claims against Jose Rossi solely in Rossi's capacity as "Deputy District Attorney." All allegations specifically made against defendant Rossi are related to his activity in his capacity as Deputy District Attorney, whether in interviewing witnesses, communicating information, or making statements entirely in connection with his role as the attorney prosecuting criminal charges against plaintiff. No acts are alleged in the complaint against Rossi outside the scope of his role as the attorney prosecuting charges against plaintiff.

With regard to plaintiff's First through Fourth Causes of Action, no specific causal connection is suggested between the alleged actions of Rossi and the civil rights violations of which plaintiff complains. To state a claim for individual liability against Jose Rossi, the plaintiff must allege that Rossi either had a "personal involvement in the constitutional deprivation," or he must allege facts sufficient to establish a causal connection between Rossi and the actions of which he complains. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991).

Section 1983 actions alleging violations of constitutional rights require a causal link between the actions of the defendant and the deprivations alleged to have been suffered by the plaintiff. Rizzo v. Goode, 423 U.S. 362, 370-371, 375-376, 96 S.Ct. 598 (1976). Inasmuch as California Civil Code section 52.1 are also premised on alleged constitutional rights violations, these causes of action likewise require allegation of a causal link. A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which [plaintiffs complain]." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). The causation inquiry must be individualized, focused on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have cause a constitutional deprivation. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Plaintiff fails to attribute any specific acts to

defendant Rossi causally related to the alleged constitutional violations for which he seeks redress and, as such, these causes of action cannot be maintained by plaintiff against Rossi.

An equally compelling basis exists, however, for dismissal of all causes of action against defendant Rossi in the absolute immunity to which defendant Rossi is entitled.  Extending the common law rule of prosecutorial immunity, the Supreme Court in Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984 (1976) held that the same public policy considerations apply in preserving prosecutorial integrity in the face of potential 42 U.S.C. Section 1983 actions.[1]  No allegation against Rossi falls outside the scope of his prosecutorial role relative to criminal charges of which the plaintiff also alleges he was convicted.  Rossi is entitled to absolute immunity and all causes of action against him must be dismissed.

Under any construction of plaintiff's complaint, the allegations fail to state a claim against Jose Rossi upon which relief can be granted.  Plaintiff's complaint fails to state a claim upon which relief can be granted against Jose Rossi; therefore plaintiff's complaint is subject to dismissal.

### E. Plaintiff Fails to Allege Any Facts Sufficient to State A Cause of Action Against Defendant County of Napa

Plaintiff's complaint alleges no specific facts as to the County of Napa relative to any cause of action.  Absent any allegations of specific duties of the County or actions of the County causally related to plaintiffs' claimed damages, plaintiffs have stated no cause of action against this entity and this motion to dismiss must be granted.

Fruther, plaintiff's complaint seeks punitive damages against the County.  Punitive damages are not recoverable against a public entity in California.  California Gov't Code § 818.

## III.
## MOTION FOR MORE DEFINITE STATEMENT

---

[1] "If a prosecutor had only a qualified immunity, the threat of Section 1983 suits would undermine performance of his duties no less than would the threat of common-law suits for malicious prosecution.  A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court.  The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages." (Imbler, at pages 424-425.)

**A.    Standard For Motion For More Definite Statement**

Fed.R.Civ.P. 12(e) provides that if a pleading to which a response is permitted is so vague or ambiguous such that a party cannot reasonably be required to frame a response, that party may move for a more definite statement before filing a responsive pleading.

**B.    Plaintiff's Claims Against Defendants Rossi and County of Napa Are Vague and Ambiguous Such That Defendant Is Unable To Reasonably Frame An Adequate Response**

Plaintiff's allegations against defendants Rossi and County of Napa are vague and ambiguous in that it cannot be ascertained from the pleading the precise conduct that plaintiff upon which claims each cause of action is based and in that the complaint alleges no involvement in any violation attributable to Rossi and/or the County of Napa upon which any single cause of action is based. Plaintiff fails to allege any cognizable theory against Rossi and/or the County of Napa. Plaintiff must specify the basis for her claim against these defendants to enable a response to the complaint. Defendants are currently unable to properly frame a response due to the vagueness and ambiguity.

**C.    Plaintiff's Claims Relative To His Criminal Conviction Are Uncertain**

In Heck v. Humphry, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court held that a state prisoner could not bring a 1983 claim if a judgment in his favor would "necessarily demonstrate [ ] the invalidity of [his] conviction." (Heck, at pages 481-482.) The court further held, "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus . . ." (Id., at pages 486-487.) Relying on the Heck decision, the Ninth circuit extended the ruling beyond the context of convictions or sentences to hold that it applies to claims challenging the validity of an arrest, prosecution or conviction. Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006). The subsequent Supreme Court decision in Wallace v. Kato – US –, 127 S.Ct. 1091 (2007), now specifically limits the holding in Heck, determining that the Heck rule for deferred accrual is called into play only when

there exists 'a conviction or sentence that has *not* been . . . invalidated,' that is to say, an 'outstanding criminal judgment'." (Id., at pages 1097-1098.)  In this instance, the plaintiff has affirmatively pleaded his criminal conviction.

Federal and state courts have consistently held that the doctrine of collateral estoppel may preclude re-litigation of issues that were decided in a prior criminal proceeding.  Allen v. McCurry, 449 U.S. 90, 103-104, 101 S.Ct. 411 (1980) - collateral estoppel effect given to a ruling on pretrial suppression motion; Coogan v. City of Wixon, 820 F.2d 170, 175 (6th Cir. 1987) - collateral estoppel effect given to probable cause finding made by state court); Mueller v. JC Penney Co, 173 Cal.App.3d 713, 219 Cal.Rptr. 272 (1985) - collateral estoppel effect given to misdemeanor conviction.

In this case, given the vague allegations of plaintiff's complaint with respect to the specific nature and status  of the criminal conviction, any collateral estoppel or res judicata effect of that judgment is uncertain as to each cause of action now alleged by plaintiff.  Plaintiff must specify the nature and status of his criminal conviction to allow these defendants to frame a proper response.

## VI.
## CONCLUSION

Based on the foregoing, defendants County of Napa and Jose Rossi respectfully request this court issue an order dismissing plaintiff's complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).  Alternatively, defendant requests this court issue an order requiring plaintiff to more definitely state his claims against defendants.

Dated:     July 16, 2008

JONES & DYER

By:     /s/ Mark A. Jones
MARK A. JONES,
Attorneys for Defendants County of
Napa and Jose Rossi

PROOF OF SERVICE BY MAIL

CCP Sections 1013a, 2015.5 and Rules of Court, Rule 2008

I am a citizen of the United States and a resident of the County of Sacramento. I am over the age of eighteen years and not a party to the within entitled action; my business address is 1800 J Street, Sacramento, California, 95814.

On this date, I served the foregoing documents described as follows: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

<u>COUNSEL FOR PLAINTIFF:</u>
Robert J. Jones, In Pro Per
2063 Main Street, Suite 222
Oakley, CA 94516-3302
(209) 204-5520

_____ (BY FEDERAL EXPRESS) I caused such envelope to be delivered by hand to the offices of the addressee(s) via Federal Express.

__x__ (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Sacramento, CA.

_____ (BY PERSONAL SERVICE) I caused such envelope to be hand delivered to the above address.

_____ (BY FAX) by transmitting by facsimile copying machine a true copy thereof to telephone number _____ known or represented to me to be the receiving telephone number for facsimile copy transmission of the parties/person/firms listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 16, 2008, at Sacramento, California.

                                                   /s/ Mary Alice Myers
                                                   MARY ALICE MYERS