MICHAEL W. BARRETT, CITY ATTORNEY (SBN 155968)
DAVID C. JONES, DEPUTY CITY ATTORNEY (SBN 129881)
NAPA CITY ATTORNEY'S OFFICE (dcjones@cityofnapa.org)
CITY OF NAPA
P.O. BOX 660
NAPA, CA 94559
Telephone:  (707) 257-9516
Facsimile:   (707) 257-9274

Attorneys for Defendant CITY OF NAPA and
NAPA POLICE DEPARTMENT

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JONES, | Case No. C07-3054 JCS |
| Plaintiff, | DEFENDANT CITY OF NAPA'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP RULE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO RULE 12 (f)(2) |
| vs. | |
| NAPA POLICE DEPARTMENT; COUNTY OF NAPA; CITY OF NAPA; MICHELLE JONES; THOMAS TOLER, dba Toler Bail Bonds; JOSE ROSSI; and DOES 1-100, Individually and as employees or Agents of THE CITY or County OF NAPA, | DATE:     September 12, 2008<br>TIME:     9:00 a.m.<br>CRTRM:  2, 17th Floor<br><br>**The Honorable Jeffrey S. White** |
| Defendants. | |

YOU ARE HEREBY NOTIFIED that on September 12, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 2, 17th Floor, of the above-referenced court located at 450 Golden Gate Avenue, San Francisco, California, Defendant City of Napa and its wrongly sued police department, the Napa Police Department, (jointly "City") will, and hereby does, move to dismiss Plaintiff's complaint pursuant to FRCP Rule 12(b)(6) on the grounds that Plaintiff's complaint, and each cause of action therein, fails to state a cause of action on which relief can be granted, as follows:

- Plaintiff's First Cause of Action under 42 U.S.C. Section 1983 is barred by his vandalism conviction, and the Supreme Court's *Heck v. Humphrey* doctrine which directs dismissal of civil rights cases which seek to undermine criminal convictions;

- Plaintiff's Second Cause of Action states no viable Section 1983 claim for an unreasonable search;

- Alternatively, Plaintiff's First and Second Causes fail because he has stated no viable Section 1983 claim for municipal liability against the City or its police department as required by *Monell v. Dept. of Social Services, 436, U.S. 658 (1978)* and its progeny;

- All of Plaintiff's state law causes of action (Causes 3 through 13) are barred by the statutes of limitations set forth in the California Government Claims Act;

- Alternatively, most of Plaintiff's state law causes of action (Causes 3,4,6,9,10,11,12,13) fail because they are not "fairly reflected" in his mandatory claim under the Government Claims Act;

Defendant City further notifies Plaintiff that it will, and hereby does, move pursuant to FRCP, Rule 12(f)(2), to strike Plaintiff's claims for punitive damages as contained in Complaint paragraphs 16, 18, 20, 22, 25, 28, 37, 40, 43, 46, 49 and Prayer paragraph 2. Those damages are not recoverable against Defendant City as a matter of law.

The City's motions are based on this Notice, the attached Memorandum of Points and Authorities and Request for Judicial Notice and the attached exhibits, on all documents on file in this matter, and on such argument as is permitted at the hearing.

CITY OF NAPA

July 21, 2008          By:          /s/
                        DAVID C. JONES, Deputy City Attorney
                        Attorney for Defendant CITY OF NAPA and
                        NAPA POLICE DEPARTMENT

2

Defendant City of Napa Notice of Hearing on Demurrer to Complaint