MICHAEL W. BARRETT, CITY ATTORNEY (SBN 155968)
DAVID C. JONES, DEPUTY CITY ATTORNEY (SBN 129881)
NAPA CITY ATTORNEY'S OFFICE (dcjones@cityofnapa.org)
CITY OF NAPA
P.O. BOX 660
NAPA, CA 94559
Telephone:  (707) 257-9516
Facsimile:   (707) 257-9274

Attorneys for Defendant CITY OF NAPA and
NAPA POLICE DEPARTMENT

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JONES, | Case No. C07-3054 JCS |
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CITY OF NAPA AND NAPA POLICE DEPARTMENT'S MOTION TO DISMISS AND TO STRIKE TO COMPLAINT (FRCP RULES 12(b)(6), 12(f)(2) ) |
| vs. | |
| NAPA POLICE DEPARTMENT; COUNTY OF NAPA; CITY OF NAPA; MICHELLE JONES; THOMAS TOLER, dba Toler Bail Bonds; JOSE ROSSI; and DOES 1-100, Individually and as employees or Agents of THE CITY or County OF NAPA, | DATE:     September 12, 2008<br>TIME:      9:00 a.m.<br>CRTRM:   2, 17th Floor |
| Defendants. | The Honorable Jeffrey S. White |

## I.    INTRODUCTION.

Defendants City of Napa and its improperly named "Napa Police Department" (jointly "City") move to dismiss all claims and causes of action against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Alternatively, the City moves to strike improper punitive damages claims pursuant to Rule 12(f)(2). The City establishes the following in this motion:

- Plaintiff's First Cause of Action for arrest without probable cause against the City under 42 U.S. C. Section 1983 is barred by his vandalism conviction, and the Supreme Court's *Heck v. Humphrey* doctrine which directs dismissal of civil rights cases which seek to undermine criminal convictions;

---

[1] The Napa Police Department is a department of the City of Napa and is not an independent legal entity capable of being sued.

1

Memorandum of Points and Authorities in Support of Demurrer

- Plaintiff's Second Cause of Action states no facts to support a viable Section 1983 claim for an unreasonable search;

- Alternatively, Plaintiff's First and Second Causes of Action state no viable Section 1983 claim for municipal policy, practice, or custom liability against the City or its police department as required by *Monell*[2] and its progeny;

- All of Plaintiff's state law causes of action (Causes 3 through 13) are barred by the statutes of limitations set forth in the California Government Claims Act;

- Alternatively, most of Plaintiff's state law causes of action are barred because they are not "fairly reflected" in his mandatory claim under the Government Claims Act;

- If any portion of the Complaint survives this motion, Plaintiff cannot recover punitive damages from the City of Napa.

As established below, Plaintiff's entire case against the City is subject to dismissal.

## II.     COMPLAINT ALLEGATIONS.

Plaintiff's complaint was filed on June 12, 2007.

<u>Factual Allegations:</u>

Plaintiff alleges that more than two years prior to filing, on March 15, 2005, unnamed Napa Police officers encountered him in the environs of the Napa Register newspaper building where they questioned, assaulted, arrested him, and took him to jail.  Complaint, pp. 4-7.[3]  Although Plaintiff later conclusorily alleges a wrongful search of his person, vehicle and home (Second, Fourth Causes of Action), none of that conduct is described in the Factual Allegations of the Complaint, or anywhere else. Id.  Plaintiff alleges that the officers took him to County jail (Napa County Department of Corrections) where he was booked.  Id. 7:4-9.  There are no further allegations of even potentially actionable wrongdoing against the City of Napa, nor against Napa Police Officers, nor other City employees.

The Complaint goes on to allege voluminous wrongful conduct by "jail guards," a deputy district attorney, Plaintiff's "soon to be ex" wife, a bail bondsman, and other non-City employees.  Complaint pp. 7-23.  None of these allegations provides a basis for liability as to the City, nor any City employee.

---

[2] *Monell v. Dept. of Social Services,* 436 U.S. 658 (1978).

[3] Plaintiff's allegation that he was arrested on March 15 is mistaken, and contradicts both the relevant police reports and his own Government Claim form, which put the arrest on March 24, 2005.  Req.Jud.Not, ¶1, Exh.A. See Footnote 2, *infra*.  The accuracy of the arrest date is not pivotal to any City argument herein.

2

Finally, Plaintiff alleges he was convicted of vandalism in December, 2005, following a jury trial in Napa Superior Court. Id. 19:21-23; p. 21:18-23. Napa Superior Court records show that judgment was entered, and sentence imposed, on December 15, 2005. Req.Jud.Not. ¶3, Exh. C.

From these facts, Plaintiff alleges the following causes of action against the County, City, and various individuals, none of them City employees:

First Cause of Action: Violation of Civil Rights (42 U.S.C. §1983 – Arrest)

Plaintiff alleges violations of the Fourth and Fourteenth Amendments related to arrest "without probable cause, an arrest warrant, or exigent circumstances." Complaint ¶15.

Second Cause of Action: Violation of Civil Rights (42 U.S.C. §1983 – Search)

Plaintiff alleges violations of Fourth and Fourteenth Amendment rights related to unlawful search of home, vehicles, and person. Complaint ¶17.

Third Cause of Action: Violation of Civil Rights (California Civil Code §52.1 Bane Civil Rights Act – Arrest)

Plaintiff alleges violations of Civil Code Section 52.1 regarding his unlawful arrest without probable cause, performed with the "threat of violence, coercion, and or duress." Complaint ¶19.

Fourth Cause of Action: Violation of Civil Rights (California Civil Code §52.1 Bane Civil Rights Act – Search)

Plaintiff alleges violations of Section 52.1 related to searches of home, vehicles, and person without probable cause, performed with the threat of violence, coercion or duress. Complaint ¶¶21, 22.

Fifth Cause of Action: Intentional Infliction of Emotional Distress

Sixth Cause of Action: False Arrest, Imprisonment

Seventh Cause of Action: Assault and Battery

Eighth Cause of Action: Negligent Infliction of Emotional Distress

Ninth Cause of Action: Trespass

Tenth Cause of Action: Conspiracy

Eleventh Cause of Action: Intentional Interference in Future Prospective Economic Advantage

Twelfth Cause of Action: Negligent Interference in Future Prospective Economic Advantage

3

Memorandum of Points and Authorities in Support of Demurrer

<u>Thirteenth Cause of Action</u>: "Slander, Libel, Terrorist Threats, Assault under Color of Authority, Grand Theft, Easedropping [sic] and Wiretapping"

<u>Prayer</u>: Plaintiff apparently seeks punitive damages against all Defendants.

### III. GOVERNMENT CLAIM AND NAPA SUPERIOR COURT DOCUMENTS SUBJECT TO JUDICIAL NOTICE.

On September 23, 2005, Plaintiff's authorized representative" filed a timely "verified claim against the City of Napa" asserting that on March 24, 2005 at 2:00 a.m.:

> "Members of the Napa Police Department used excessive and unreasonable force in detaining and arresting Claimant."

Claim, ¶4. Plaintiff described the "damages which you believe that you have incurred as a result of the incident" as follows:

> "Injuries to wrists, knees, and aggravation of previous injuries to chest, right shoulder, and back."

Claim, ¶5. The claim is signed by Michael L. Thorman, apparently the lawyer who represented Plaintiff in the criminal case discussed in the Complaint. Complaint 18:3-11; 20:17-18; 21:15-21. Plaintiff has asserted no other facts in his government claim. The City rejected Plaintiff's claim on October 21, 2005

According to a Napa Superior Court Minute Order, judgment of conviction was entered and sentence was delivered on December 15, 2008.[4]

### IV. PLAINTIFF'S FIRST CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. SECTION 1983 – FOR UNLAWFUL ARREST WITHOUT PROBABLE CAUSE – IS BARRED BY HIS CONVICTION FOR VANDALISM.

Plaintiff's First Cause of Action for violations of Section 1983, based on "unlawful arrest and imprisonment . . . without probable cause," is barred by the doctrine of *Heck v. Humphrey, 512 U.S. 477, 486-487 (1994)*, in light of his conviction for vandalism in December, 2005. Complaint ¶15, p.19, lines 21-22; p.21, lines 21-23. Plaintiff's claim for unlawful arrest in violation of the Fourth Amendment necessarily seeks to prove a lack of probable cause for his arrest. Such a claim would "necessarily imply" that his conviction was invalid. *See Cabrera v. City of Huntington Park, 159 F.3d 374, 380-*

---

[4] Plaintiffs Government Claim, the City's Notice of Rejection of Claim, and the relevant Napa Superior Court Minute Order are subject to judicial notice and are properly before the Court on this motion. Req. Jud. Not. ¶¶1, 2, 3; Exhs. A, B, C.

4

Memorandum of Points and Authorities in Support of Demurrer

*381(9th Cir. 1998); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996).* As stated in *Cabrera* and *Smithart*, the Supreme Court's ruling in *Heck v. Humphrey, 512 U.S. 477, 486-487 (1994)* will not permit such a collateral attack on a state court criminal conviction unless it is first invalidated. *Cabrera, 159 F.3d at 180.* Plaintiff does not allege that his conviction has been invalidated. Therefore, Plaintiff's First Cause of Action fails because *Heck* will not permit him to undermine his vandalism conviction by seeking to show that officers had no probable cause to arrest him.

**V.    PLAINTIFF'S SECOND CAUSE OF ACTION FAILS TO STATE A CLAIM FOR RELIEF FOR WRONGFUL SEARCH OF PERSON, VEHICLES, OR HOME.**

Plaintiff's Second Cause of Action under Section 1983, entitled "Search," alleges an "unlawful search of his home and person . . . entry into his home to effectuate an unlawful arrest . . ." and the subsequent search of his person and vehicles, presumably attendant to his March, 2005, arrest. Complaint ¶17.

Despite these generalized assertions in the Second Cause of Action, the only wrongful conduct actually alleged against Napa Police personnel in the Complaint's "Factual Allegations" took place near the Napa Register newspaper building and parking lot, while Plaintiff claims to have been walking to a pay phone, with his vehicle some distance away. Complaint pp. 4-7 "Factual Allegations." He alleges he was arrested, put into a police car, and taken to jail. *Plaintiff's Complaint simply makes no factual allegations of any search of person, vehicles, or home.* Id.

Even had Plaintiff made allegations to support a claim regarding an unlawful search, any search of person (and likely of his vehicle) would be lawful as search attendant to arrest. See *United States v. Robinson, 414 U.S. 218, 235-236 (1973); United States v. Hartz, 458 F.3d 1011, 1019 (9th Cir. 2006).*[5]

Instead, Plaintiff has not adequately alleged anything amounting to an unlawful search of person, vehicle, or home, and his Second Cause of Action should be dismissed against City Defendants on that basis. "Rule 12(b)(6) permits dismissal of a claim when the claim lacks a cognizable legal theory *or where there are insufficient facts alleged to support the proffered theory of relief.*" *Balistreri v. Pacifica*

---

[5] Moreover, a Section 1983 claim alleging illegal search and seizure of evidence on which criminal charges are based is also barred by *Heck v. Humphrey* if it would undermine the validity of his vandalism conviction. See *Whitaker v. Garcetti, 486 F.3d 572, 583-584 (9th Cir. 2007).* As Plaintiff has not sufficiently alleged any unlawful search, *Heck*'s application to his Second Cause of Action remains unclear from the present inchoate pleading.

*Police Department*, 901 F.2d 696, 699 (9th Cir. 1990 (italics added) ); *Robertson v. Dean Witter Reynolds, Inc.* 749 F.2d 530, 533-534 (9th Cir. 1984). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001), citing *Assoc. General Contractors v. Met. Water Dist.*, 159 F.3d 1178, 1171 (9th Cir. 1998). Plaintiff's Second Cause of Action should be dismissed as it fails to provide even the most general notice of any unlawful search.[6]

## VI. ALTERNATIVELY, PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION SHOULD BOTH BE DISMISSED AS THEY FAIL TO IDENTIFY ANY BASIS FOR SECTION 1983 LIABILITY AGAINST THE CITY OF NAPA, OR ITS POLICE DEPARTMENT.

Plaintiff improperly seeks to impose direct liability on the City of Napa and its wrongly named Napa Police Department for Section 1983 violations. It is axiomatic that a city can be sued for damages under Section 1983 only if the alleged violation of rights grew out of a policy, practice or custom adopted or promulgated by city officials. *Levine v. City of Alameda*, 525 F.3d 903, 907 (9th Cir. 2008).

Here, Plaintiff patently has not alleged any basis for Monell liability against the City of Napa or its police department, and Plaintiff's First and Second Causes of Action should be dismissed on that independent basis.

## VII. PLAINTIFF'S REMAINING STATE LAW CAUSES OF ACTION ARE BARRED BY THE STATUTE OF LIMITATIONS CONTAINED IN THE CALIFORNIA GOVERNMENT CODE.

With very few exceptions – none relevant here[7] – a California plaintiff seeking to bring a state law action against a public entity is required by the Government Claims Act to file a claim asserting the right to recovery "for injury to person" not later than "six months after the accrual of the cause of action." Govt. Code Section 911.2(a). Plaintiff did so in timely fashion. Following rejection by the public entity, a plaintiff must file his lawsuit within six months or the suit is barred. Govt. Code Section

---

[6] "[T]he price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." *DM Research, Inc. v. College of Amer. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) (italics in original).

[7] Unlike causes of action under 42 U.S.C. Section 1983, Plaintiff's Third and Fourth Causes of Action for violations of Civil Code Section 52.1 are subject to the claim filing requirements of the California Government Claims Act. *Gatto v. County of Sonoma*, 98 Cal.App.4th 744, 760 (2002).

945.6(a)(1).  See *Javor v. Taggert, 98 Cal.App.4th 795, 806-807 (2002)*.  This is where Plaintiff failed and why his state law claims are all barred.

Given that the City rejected Plaintiff's government claim on October 21, 2005, Req.Jud.Not. ¶2, Exh. B, Plaintiff's complaint would normally have been barred if filed after April 21, 2006.  However, Government Code Section 945.3 tolls the running of this filing deadline during the period that related criminal charges are pending before a superior court – *expressly excluding any appeal which may follow*.  In the present case, Section 945.3's tolling means Plaintiff's six-month window for filing this complaint did not begin to run until his December, 2005 conviction and sentencing.  Req.Jud.Not. ¶3, Exh. C.  Given six months from December 15, 2005, Plaintiff's filing deadline was June 15, 2006, almost one year before the Complaint was actually filed in June, 2007.  For these reasons, all of Plaintiff's state law claims are untimely, are barred, and should be dismissed.

**VIII.   ALTERNATIVELY, MOST OF PLAINTIFF'S STATE LAW CLAIMS FAIL BECAUSE HIS GOVERNMENT CLAIM DID NOT "FAIRLY REFLECT" THOSE CAUSES OF ACTION.**

California Government Code Section 945.4 provides that "no suit for money damages may be brought against a public entity on a cause of action . . . until a written claim therefor has been presented."  When a claim is rejected and the plaintiff files a complaint against the public entity, *the facts underlying each cause of action in the complaint must have been "fairly reflected" in a timely claim*, or they are subject to dismissal.  *Stockett v. Assoc. Calif. Water Agencies, etc., 34 Cal.4th 441, 447 (2004); Nelson v. State of California, 139 Cal.App.3d 72, 79 (1982)*.

A complaint's fuller exposition of the factual basis, beyond that given in the claim, is not fatal so long as the complaint is not based on an "entirely different set of facts."  *Stevenson v. San Francisco Housing Authority, 24 Cal.App.4th 269, 278 (1994)*.  When the complaint, however, exhibits a great factual divergence from the claim, and alleges liability "on an entirely different factual basis than what was set forth in the tort claim," that additional cause of action must fail as not fairly reflected in the claim.  *Fall River v. Superior Court, 206 Cal.App.3d 431, 435 (1988)* (claim of school's negligent maintenance of door could not support complaint allegation that school negligently failed to supervise students engaged in horseplay); *Lopez v. Southern Cal. Medical Group, 115 Cal.App.3d 673, 676-677 (1981)* (claim that State negligently issued driver's license to epileptic insufficient to allow amended

7

Memorandum of Points and Authorities in Support of Demurrer

complaint to allege State neglected to suspend or revoke epileptic's license despite failure to comply with accident reporting and financial responsibility laws); *Donohue v. State of California, 178 Cal.App.3d 795, 803-804 (1986)* (claim that DMV negligently allowed uninsured motorist to take driving test insufficient to permit complaint allegation of negligent supervision and instruction during driving test).[8]

Here, Plaintiff's government claim states only that on or near the premises of the "Napa Register . . . members of the Napa Police Department used excessive and unreasonable force in detaining and arresting claimant," and that he suffered injuries to wrists, knees, chest, right shoulder, and back. Req.Jud.Not., Exh. A, Claim ¶¶3-5.

Plaintiff's one-dimensional claim does not "fairly reflect" most of the current causes of action he now pursues: arrest without probable cause (Third and Sixth Causes of Action); unlawful search of person, vehicles, home (Fourth Cause of Action); trespass (Ninth); conspiracy (Tenth); intentional and negligent interference in "future prospective economic advantage" (Eleventh and Twelfth); slander, libel, terrorist threats, grand theft, easedropping [sic], and wiretapping (Thirteenth).

The City asserts that none of the above causes of action are "fairly reflected" in Plaintiff's underlying claim and thus, under the governing California authorities, the above state law causes of action must be dismissed.

## VIII. PLAINTIFF MAY NOT RECOVER PUNITIVE DAMAGES AGAINST THE PUBLIC ENTITY CITY OF NAPA.

The City moves to strike all of Plaintiff's demands for punitive damages[9] because a public entity cannot be held liable for such damages. *City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 260 (1981)*; Calif. Govt. Code Section 818.

---

[8] *Compare Stockett v. Assoc. Calif. Water Agencies, 34 Cal.4th 441, 449 (2004)* (plaintiff's claim that he was wrongfully terminated held adequate to permit two wrongful termination theories – fired for opposing a board member's conflict of interest and for exercising the right to free speech); *Mouchette v. Board of Education, 217 Cal.App.3d 303, 311 (1990)* overruled on other grounds in *Caldwell v. Montoya, 10 Cal.4th 972, 984, fn. 6 (1995)* (claim alleging claimant was permanently terminated from job with functions being performed by other employees held adequate to support complaint allegation that plaintiff illegally denied statutory re-employment rights); *Smith v. County of Los Angeles, 214 Cal.App.3d 266, 273-274, 279-280 (1989)* (claim that public entity "cut into the hill" to create a road, thus removing support for residences, fairly reflected complaint allegation that county removed slide debris that had provided hillside support.)

[9] Including those contained in Paragraphs 16, 18, 20, 22, 25, 28, 37, 40, 43, 46, 49, and Prayer ¶2.)

8

If the relevant, supporting causes of action fail, the City requests that Plaintiff's corresponding requests for statutory damages and attorney's fees under Civil Code Section 52.1, 42 U.S.C. Section 1988 and Code of Civil Procedure Section 1021.5 also be stricken from the prayer.

**IX. CONCLUSION.**

Each and every one of Plaintiff's causes of action against the City of Napa, and its improperly sued police department are barred, or otherwise fail, as established above. The City requests that all of Plaintiff's Causes of Action be dismissed, and that leave to amend be granted only if Plaintiff establishes it is warranted.

CITY OF NAPA

July 21, 2008                    By:        /s/
                                     DAVID C. JONES, Deputy City Attorney
                                     Attorney for Defendant CITY OF NAPA