MICHAEL W. BARRETT, CITY ATTORNEY (SBN 155968)
DAVID C. JONES, DEPUTY CITY ATTORNEY (SBN 129881)
NAPA CITY ATTORNEY'S OFFICE (dcjones@cityofnapa.org)
CITY OF NAPA
P.O. BOX 660
NAPA, CA 94559
Telephone: (707) 257-9516
Facsimile: (707) 257-9274

Attorneys for Defendant CITY OF NAPA and
NAPA POLICE DEPARTMENT

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JONES, ) | Case No. C07-3054 JCS |
| ) | |
| Plaintiff, ) | **[PROPOSED]** |
| ) | ORDER SUSTAINING DEMURRER |
| vs. ) | OF DEFENDANT CITY OF NAPA |
| ) | |
| NAPA POLICE DEPARTMENT; COUNTY OF ) | |
| NAPA; CITY OF NAPA; MICHELLE JONES; ) | |
| THOMAS TOLER, dba Toler Bail Bonds; JOSE ) | |
| ROSSI; and DOES 1-100, Individually and as ) | |
| employees or Agents of THE CITY or County OF ) | |
| NAPA, ) | |
| ) | |
| Defendants. | |

The motion of Defendant City of Napa and its improperly named Napa Police Department (jointly "City") to dismiss the complaint came before this Court for hearing on September 12, 2008. The City was represented at the hearing by David C. Jones; Plaintiff Robert Jones appeared, in pro per.

Having considered the parties' written submissions and arguments offered at the hearing, the City's motion is GRANTED on the grounds that:

- Plaintiff's First Cause of Action against the City under 42 U.S. C. Section 1983 is barred by his December, 2005 vandalism conviction. To prevail, Plaintiff would have to prove he was arrested without probable cause, which finding would undermine his conviction. The Supreme Court's doctrine stated in *Heck v. Humphrey, 512 U.S. 477 (1994)*, directs dismissal of civil rights cases which seek to undermine criminal convictions;

---

- Plaintiff's Second Cause of Action fails to state any viable Section 1983 claim for an unreasonable search in that it conclusorily states Plaintiff's person, vehicle, and home were unlawfully searched, while failing to allege any fact which would support his claim that any search took place or that any such search was unlawful. *Balisteri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990)*;

- All of Plaintiff's state law causes of action (Causes 3 through 13) are barred by the statutes of limitations set forth in the California Government Claims Act. To timely bring action against the City, Plaintiff would have to had to do so within six months after the termination of the factually related criminal action against him. Calif. Govt. Code Sections 911.2(a); 945.6(a)(1); 945.3. To be timely, his Complaint would have to have been filed no later than June 15, 2006. As it was not filed until June 12, 2007, all state law claims are barred.

IT IS THEREFORE ORDERED that all claims and causes of action against Defendants City of Napa and its wrongfully named Napa Police Department are hereby dismissed with prejudice, and judgment is ordered in favor of the City and the Napa Police Department and against Plaintiff.

**SO ORDERED.**

Dated: _____, 2008            _____
                                         DISTRICT COURT JUDGE

**[Proposed]** Order Sustaining Demurrer of Defendant City of Napa

2