**JONES & DYER**
**A Professional Corporation**
**1800 J Street**
**Sacramento, California 95811**
**Telephone:  (916) 552-5959**
**Fax: (916) 442-5959**

**MARK A. JONES, State Bar #96494**
**KRISTEN K. PRESTON, State Bar #125455**

Attorneys for Defendants County of Napa and Jose Rossi

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JONES,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>NAPA POLICE DEPARTMENT, COUNTY OF NAPA, CITY OF NAPA; MICHELLE JONES; THOMAS TOLER, dba Toler Bail Bonds; JOSE ROSSI; and DOES 1-100, individually and as employees or agents of the City or County of Napa,<br><br>　　　　　　　Defendants. | NO.  C 07 3054 JSW<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT**<br><br>Date:    September 12, 2008<br>Time:   9:00 a.m.<br><br>Courtroom 2, 17th Floor<br>Hon. Judge Jeffrey S. White |

　　　Plaintiff challenges defendant's motion to dismiss on four issues: (1) timeliness of the complaint; (2) the applicability of prosecutorial immunity; (3) the certainty of plaintiff's allegations against all defendants; and (4) the certainty of plaintiff's allegations as these pertain to criminal proceedings against him.[1]

---

[1] Plaintiff apparently does not dispute that his complaint fails to state facts sufficient to support any cause of action against Defendant Rossi in that plaintiff's First through Fourth Causes of Action allege no specific causal connection between the alleged actions of Rossi and the civil rights violations claimed. Plaintiff does not dispute in his opposition his failure to allege that Rossi either had a "personal involvement in the constitutional deprivation," or facts demonstrating a causal connection between Rossi and the actions of which he complains.  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991).
　　　Neither does plaintiff respond to defendants' argument that he fails to allege any specific facts as to the County of Napa upon which a cause of action might be stated.  The absence of any allegations of specific duties of the County or actions of the County causally related to plaintiffs' claimed damages,

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT**

### A. TIMELINESS

The issue raised in the Motion to Dismiss or, in the alternative, for a more definite statement, is that plaintiff's complaint - on its face - fails to state facts sufficient to demonstrate he has complied with the applicable limitations. Plaintiff argues that the limitation for filing this tort action was tolled pending resolution of administrative claims presented by him to the City and County of Napa. Presumably, plaintiff is urging that he preserved his tort causes of action by presentation of a claim in compliance with California Government Code section 911.2; however, he must specifically allege compliance in his complaint. (State v. Superior Court (2004) 32 Cal.4th 1234, 1239.)

Pursuant to California Civil Code section 342, the limitations imposed by the Tort Claims Act take the place of those limitations applicable to actions against private parties. There is no tolling pending resolution of a Tort Claim submitted pursuant to section 911.2. Indeed, the applicable limitations may even by shorter than the 2-year limitation.[2]

Regardless of the limitation ultimately determined to be applicable, defendants motion is based on the inadequacy of plaintiff's pleading; this, plaintiff fails to address.

### B. PROSECUTORIAL IMMUNITY

Plaintiff bases his claims against Jose Rossi solely in Rossi's capacity as "Deputy District Attorney." All allegations specifically made against defendant Rossi are related to his activity in his capacity as Deputy District Attorney. Nothing in plaintiff's opposition alters the effect of his pleading. In fact, plaintiff's argument confirms the applicability of prosecutorial immunity. Plaintiff makes clear that his allegations against Rossi are based entirely on Rossi's "charg[ing] plaintiff with crimes" – clearly prosecutorial activity. There are no allegations, and plaintiff does not represent that he will assert any allegations, regarding conduct falling outside the scope of Rossi's

---

plaintiffs have stated no cause of action against this entity and this motion to dismiss must be granted.
    Plaintiff also fails to address the issue of punitive damages he seeks but which are not recoverable against a public entity in California. California Government Code § 818.

[2] Generally, one of three limitations periods are applicable to tort claims against public entities: six months from written notice of rejection of the claim (Government Code section 945.6(a)(1)); two years from accrual of the cause of action where there is no written rejection (Government Code section 945.6(a)(2)); or thirty days following court-ordered relief from claim filing requirement (Government Code section 946.6(f).) California Government Tort Liability Practice (4th ed. 2004) section 8.13.

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT**

prosecutorial duties, whether in interviewing witnesses, communicating information, or making statements entirely in connection with his role as the attorney prosecuting criminal charges against plaintiff.

### C. VAGUE AND AMBIGUOUS ALLEGATIONS

Plaintiff insists his pleading is clear while, at the same time, the content of his argument in opposition to this issue confirms that the complaint is hopelessly vague and ambiguous. Plaintiff claims that his complaint "contains specific facts" but utterly fails to identify any specific facts alleged in connection with these moving defendants.

### D. STATUS OF CRIMINAL PROCEEDINGS AGAINST PLAINTIFF

Plaintiff requests that the court ignore the status of criminal charges against plaintiff; however, these charges are directly related to plaintiff's ability to plead and maintain any cause of action against these moving defendants. Plaintiff affirmatively pleaded his criminal conviction. Based on the legal authorities cited by defendants in their motion, plaintiff clearly cannot avoid the effect of that conviction on his ability to pursue this present action. Certainly, his bare assertion that "many of the claims contained in the complaint are unrelated to the crimes with which he was charged and convicted" is wholly insufficient to address this issue. Plaintiff must specify the nature and status of his criminal conviction to allow these defendants to frame a proper response.

### E. CONCLUSION

Defendants County of Napa and Jose Rossi respectfully request this court issue an order dismissing plaintiff's complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, defendant requests this court issue an order requiring plaintiff to more definitely state his claims against defendants.

Dated: August 19, 2008

JONES & DYER

By:    /s/ Mark A. Jones
    MARK A. JONES
    KRISTEN K. PRESTON
    Attorneys for Defendants County of
    Napa and Jose Rossi

PROOF OF SERVICE BY MAIL

CCP Sections 1013a, 2015.5 and Rules of Court, Rule 2008

I am a citizen of the United States and a resident of the County of Sacramento. I am over the age of eighteen years and not a party to the within entitled action; my business address is 1800 J Street, Sacramento, California, 95814.

On this date, I served the foregoing documents described as follows: **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

<u>COUNSEL FOR PLAINTIFF:</u>
Robert J. Jones, In Pro Per
2063 Main Street, Suite 222
Oakley, CA 94516-3302
(209) 204-5520

_____ (BY FEDERAL EXPRESS) I caused such envelope to be delivered by hand to the offices of the addressee(s) via Federal Express.

 **x** (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Sacramento, CA.

_____ (BY PERSONAL SERVICE) I caused such envelope to be hand delivered to the above address.

_____ (BY FAX) by transmitting by facsimile copying machine a true copy thereof to telephone number _____ known or represented to me to be the receiving telephone number for facsimile copy transmission of the parties/person/firms listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 19, 2008, at Sacramento, California.

                                             /s/ Mary Alice Myers
                                           MARY ALICE MYERS