MICHAEL W. BARRETT, CITY ATTORNEY (SBN 155968)
DAVID C. JONES, DEPUTY CITY ATTORNEY (SBN 129881)
NAPA CITY ATTORNEY'S OFFICE (dcjones@cityofnapa.org)
CITY OF NAPA
P.O. BOX 660
NAPA, CA 94559
Telephone: (707) 257-9516
Facsimile: (707) 257-9274

Attorneys for Defendant CITY OF NAPA and
NAPA POLICE DEPARTMENT

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JONES, | Case No. C07-3054 JSW |
| Plaintiff, | REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CITY OF NAPA AND NAPA POLICE DEPARTMENT'S MOTION TO DISMISS AND TO STRIKE TO COMPLAINT (FRCP RULES 12(b)(6), 12(f)(2)) |
| vs. | |
| NAPA POLICE DEPARTMENT; COUNTY OF NAPA; CITY OF NAPA; MICHELLE JONES; THOMAS TOLER, dba Toler Bail Bonds; JOSE ROSSI; and DOES 1-100, Individually and as employees or Agents of THE CITY or County OF NAPA, | DATE: September 12, 2008<br>TIME: 9:00 a.m.<br>CRTRM: 2, 17th Floor |
| Defendants. | The Honorable Jeffrey S. White |

Plaintiff Robert Jones has filed a single opposition in the face of separate motions to dismiss by (1) the City of Napa and its wrongfully sued Napa Police Department ("City Defendants") and (2) County of Napa and Defendant Jose Rossi ("County Defendants").

Plaintiff's opposition does not reference any aspect of City Defendants' motion. Rather, his arguments are directed entirely at County Defendants' motion. The City's motion asserts that each of Plaintiff's claims fail due to (1) the Supreme Court doctrine contained in *Heck v. Humphrey;* (2) Plaintiff's total failure to allege any facts supporting a claim of unlawful search; (3) the lack of any viable *Monell* liability allegations; (4) the six month statute of limitations set forth at California Government Code Section 911.2(a); (5) the fact that most of Plaintiff's causes of action are not "fairly

1

---

Reply Memorandum of Points and Authorities in Support of Demurrer

1 reflected" in the claim he filed with the City of Napa; and (6) the unavailability of punitive damages against a public agency.

Not a single one of City Defendants' positions is mentioned, let alone confronted, in Plaintiff's opposition, which is focused on (1) tolling of a two year statute of limitations not asserted by City Defendants; (2) whether Defendant Rossi, a then County Deputy District Attorney, was acting in the course and scope of his duties; and (3) County Defendants' claims that the Complaint is vague and lacks certainty.

City Defendants' motion establishes that none of Plaintiff's claims are viable. All of Plaintiff's claims against the City of Napa and its wrongfully sued Napa Police Department should be dismissed, and judgment should be entered in their favor.

CITY OF NAPA

August 20, 2008            By:    _____/s/_____
                                  DAVID C. JONES, Deputy City Attorney
                                  Attorney for Defendant CITY OF NAPA

2

Reply Memorandum of Points and Authorities in Support of Demurrer