```
ROBERT J. JONES, in Pro Per
2063 Main Street  Suite #222
Oakley, CA 94561-3302
Telephone: (209) 204-5520
Fax:

Plaintiff
```

FILED
08 AUG 19 PM 12:20
[CLERK]
[U.S. DISTRICT COURT]
[NORTHERN DISTRICT OF CALIFORNIA]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. JONES,<br>　　　　Plaintiff,<br><br>vs.<br><br>NAPA POLICE DEPARTMENT, COUNTY OF NAPA, MICHELLE JONES, THOMAS TOLER, dba TOLER BAIL BONDS, JOSE ROSSI, DOES 1-100 INDIVIDUALLY and as , and EMPLOYEES OR AGENTS OF THE CITY AND COUNTY OF NAPA,<br>　　　　Defendants.<br>_____ / | Case No. C 073054 JSW<br><br>**PLAINTIFF'S RESPONSEIVE BRIEF TO MOTION TO DISMISS COMPLAINT AND SUPPORTING DECLARATION, POINTS AND AUTHORITIES.** |

Plaintiff, ROBERT J. JONES, hereby responds to and opposes the defendant's Motion to Dismiss as follows:

**II. (B), II. (C)**   In Paragraphs II (B) and II. (C) of his Memorandum of Points and Authorities, Defendant alleges that that "Plaintiff's claim fails to state a claim upon which relief can be granted against defendants..."

Defendant bases this allegation upon the "…two year statute of limitations…", claiming that Plaintiff failed to file his complaint in a timely manner, more specifically within two years.

---

RESPONSE TO MOTION TO DISMISS COMPLAINT AND SUPPORTING DECLARATION

The two year period upon which Defendant relies in his motion, commences on the March 15, 2005, (the day of Plaintiff's arrest,) and terminates 2 years later on March 14, 2007. Defendant's allegation that the 2 year statute of limitations has tolled is based upon Plaintiff's filing of his complaint on June 12, 2007, which is more than 2 years after the incident which is the subject of the Plaintiff's claim.

Plaintiff alleges however that the commencement of the period should not be the date of the incident. Prior to filing his complaint in the United States Court, Plaintiff needed to exhaust administrative remedies as required by law.

When an administrative remedy is required by statute, the plaintiff is required to exhaust said remedy before filing any action with the court. (<u>Abelleira v. District Court of Appeals</u> (1941) 17 Cal.2d 280, 292.) The exhaustion doctrine is founded upon concerns favoring administrative autonomy (i.e. the court should not interfere with an agency determination until the agency has reached a final decision) and judicial efficiency (i.e. overworked courts should decline to intervene in administrative disputes unless absolutely necessary). (<u>Coachella Valley Mosquito & Vector Control Dost. V. California Public Employee Relations Board</u> (2005) 35 Cal.4th 1072.) Exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the court. (<u>id</u>.) Thus, failure to exhaust administrative remedies deprives the court of jurisdiction because jurisdiction remains vested in a different tribunal until said remedies are exhausted.

Plaintiff, therefore filed administrative claims against the City and County of Napa. The 2 year statute of limitations period should therefore not commence until the Plaintiff's administrative claims were denied. Prior to his administrative claims being denied, Plaintiff could not file a judicial action,

---

RESPONSE TO MOTION TO DISMISS COMPLAINT AND SUPPORTING DECLARATION

1 nor could he determine whether or not his claims would be
2 satisfied by way of the administrative procedures. What's more,
3 the court had no jurisdiction over the matter until said
4 remedies were exhausted.
Plaintiff filed administrative claims on or before September 5,
5 2005. Said claims were denied on or about October 5, 2005. The 2
6 year period leading to the tolling of the statute of limitations
7 should therefore commence upon the denial of the Plainiff's
8 administrative claims.
9 In [Addison v. State (1978), the court found that "…the running
10 of the limitations period is tolled when an injured person has
several legal remedies and, reasonably and in good faith,
11 pursues one. This applies also to actions filed in federal court
12 but dismissed for lack of jurisdiction. [Addison v. State (1978)
13 21 Cal.3d 313.]
14 In Elkins v. Derby (1974) 12 Cal.3d 410, an injured man
15 commenced a worker's compensation action which was dismissed by
16 the WCAB more than one year after the injury after finding that
17 plaintiff was not covered as an "employee" and, therefore, not
entitled to benefits. When he subsequently filed a Superior
18 Court action to recover for his injuries, defendants asserted
19 that it was barred by the statute of limitation. In finding for
20 the plaintiff, the Supreme Court held that if the defendant is
21 not prejudiced by the delay, the running of the limitations
22 period is tolled when an injured person has several legal
23 remedies and, reasonably and in good faith, pursues one.
24 II (C.) In Paragraph II C., Defendant again bases his Motion
upon the tolling of the 2 year statute of limitations. Plaintiff
25 incorporates the declarations, allegations and Points and
26 Authorities stated in II (B) above in answer to Defendants.
27 Additionally, Plaintiff asserts that Plaintiff's claims are
28 based in part upon incidents which took place after June 12th,

RESPONSE TO MOTION TO DISMISS COMPLAINT AND SUPPORTING DECLARATION

2005 and therefore the 2 year period has not elapsed between the date of these incidents and the date of Plaintiff's filing of the complaint. Plaintiff requests that the court take judicial notice of the allegations in his complaint, wherein allegations are made of incidents which occurred after June 12th, 2005.

**II (C)** In Paragraph II(D) Defendant's counsel alleges that at all relevant times, Defendant Jose Rossi acted within the course and scope of his prosecutorial duties and therefore should enjoy immunity from Plaintiff's claims.

Plaintiff's complaint alleges however that Defendant Rossi acted outside the course and scope of his duty in that he knowingly and frivolously charged Plaintiff with crimes which he of which he personally knew the Plaintiff was innocent. If this allegation is proven to be true, it is certainly a claim upon which relief can be granted and therefore a matter for the trier of fact to decide. There is therefore no basis upon which the Complaint should be dismissed.

**III (E)** in Paragraph III(E) of his Memorandum of Points and Authorities alleges that insofar as Defendants Rossi and the County of Napa, "…Plaintiff's claim is so vague or ambiguous such that a party cannot be reasonably required to frame a response…"

Plaintiff argues that such is not the case. Plaintiff's complaint describes specific acts of these Defendants or their agents and/or employees which give rise to claims of assault, battery, false imprisonment, conversion, malfeasance and other intentional and negligent torts. Plaintiff's complaint describes specific acts of prosecutorial misconduct as to Rossi. Said complaint alleges that Plaintiff was falsely arrested, beaten, threatened, and terrorized while in the custody of agents of Defendants of the City and County of Napa. Whether or not these

RESPONSE TO MOTION TO DISMISS COMPLAINT AND SUPPORTING DECLARATION

allegations are true are again matters to be decided by the triers of fact and not by way of a motion to dismiss.

In Paragraph III Defendant states that Plaintiff's complaint is too vague and that Plaintiff should therefore be ordered by the court to issue a more specific statement of his allegations. Should the court find that Plaintiff's statement is vague as claimed therein, Plaintiff will issue a more specific statement pursuant to the court's orders.

**III (C).** In Paragraph III (C) Defendant alleges that "Plaintiff's Claims relative to his criminal conviction are Uncertain..."

Plaintiff hereby alleges that many of the claims contained in the complaint are unrelated to the crimes with which he was charged and convicted. Plaintiff is not in his complaint asking the court to revisit the matter of the guilt or innocence as to the charges. Defendant's claim is therefore not supported.

### Conclusion

Plaintiff therefore prays that the Defendant's motion be denied and that the matter proceed to trial.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 8-14-08

By _____
ROBERT J. JONES

RESPONSE TO MOTION TO DISMISS COMPLAINT AND SUPPORTING DECLARATION