1   **JONES & DYER**
    **A Professional Corporation**
2   **1800 J Street**
    **Sacramento, California 95811**
3   **Telephone:  (916) 552-5959**
    **Fax: (916) 442-5959**
4
    **MARK A. JONES, State Bar #96494**
5   **KRISTEN K. PRESTON, State Bar #125455**

6   Attorneys for Defendants Jose Rossi and County of Napa

7   **NAPA CITY ATTORNEY'S OFFICE**
    **MICHAEL W. BARRETT, City Attorney**
8   **DAVID C. JONES, Deputy City Attorney**
    **City of Napa**
9   **P. O. Box 660**
    **Napa, CA 94559**
10  **Telephone: (707) 257-9516**
    **Fax: (707) 257-9274**
11
    Attorney for Defendants City of Napa and Napa Police Department
12

13                  IN THE UNITED STATES DISTRICT COURT
14                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
15

16  ROBERT JONES,                          ) NO.  C 07 3054 JSW
                                           )
17                Plaintiff,               ) **DEFENDANTS' JOINT CASE**
                                           ) **MANAGEMENT STATEMENT**
18  vs.                                    )
                                           ) Date:   September 12, 2008
19  NAPA POLICE DEPARTMENT, COUNTY OF      ) Time:  9:00 a.m.
    NAPA, CITY OF NAPA; MICHELLE JONES;    ) Courtroom 2, 17th Floor
20  THOMAS TOLER, dba Toler Bail Bonds; JOSE ) Hon. Judge Jeffrey S. White
    ROSSI; and DOES 1-100, individually and as )
21  employees or agents of the City or County of Napa, )
                                           )
22                Defendants.              )
                                           )
23  _____ )

24        Efforts were made to meet and confer with plaintiff Robert Jones concerning the Joint Case

25  Management Statement, both by telephone and by letter.  Plaintiff did not respond, but filed his

26  separate Case Management Statement.  Defendants, therefore, submit the following statement.

27        1.    Jurisdiction and Service:

28        No issues exist with regard to jurisdiction or service.

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
**CASE NO. C 07 3054 JSW**

2.     Facts:

Plaintiff contends that he was wrongly arrested and illegally searched on March 15, 2005.  He further alleges that several defendants conspired in his conviction on felony charges arising out of this arrest.

Defendants generally and specifically deny plaintiff's version of events.  Defendants contend that plaintiff was legally searched and lawfully arrested by Napa City Police officers for felony vandalism at the Napa County Register office in Napa, California.  Defendants contend that plaintiff was convicted on these charges in December 2005.

3.     Legal Issues:

Plaintiff alleges civil rights violations arising from his arrest.  He further alleges in his complaint several state claims, including "Conspiracy, Assault, Battery, Intentional Infliction of Emotional Distress, Interference With Future Economic Advantage, Slander, Libel and Grand Theft."  Plaintiff seeks compensatory and punitive damages.

Defendants generally and specifically deny plaintiff's allegations.   Defendants County of Napa, Jose Rossi, City of Napa and Napa Police Department have filed F.R.C.P. 12(b)(6) motions to dismiss plaintiff's complaint scheduled for hearing September 12, 2008.

County of Napa and Jose Rossi contend that these defendants had no involvement in plaintiff's arrest or the search of plaintiff.   City defendants assert that the wrongful arrest claim is barred as the result of plaintiff's conviction on felony charges arising from the arrest. (Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994).)  Allegations against Rossi are barred on the basis of prosecutorial immunity.  (Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984 (1976).)

City defendants further contend that the remainder of plaintiff's claims either fail to state a cause of action or are time barred.

4.     Motions:

FRCP 12(b)(6) motions filed on behalf of County of Napa and City of Napa defendants are set for hearing on September 12, 2008.  If any part of the case survives, defendants anticipate a motion for summary judgment.

///

5.    Amendment of Pleadings:

None are currently anticipated.

6.    Evidence Preservation:

Except as maintained in the ordinary course, the parties do not propose any particular measures are required to preserve evidence relevant to issues reasonably evident in this action.

7.    Disclosures:

The parties will make a full and timely initial disclosure of witnesses and documents as required by Fed. R. Civ. P. 26(a) and the case schedule ordered in this action.

8.    Discovery:

Defendants anticipate that discovery will include a deposition of the plaintiff.

The parties submit that discovery should proceed pursuant to Federal Rule of Civil Procedure 26 and 29-37.  The parties further suggest that the parties proceed with Rule 26(a) initial disclosures by September 30, 3008.  The parties do not believe that a Rule 26(f) discovery conference is necessary in this matter, and the parties should simply proceed with initial disclosures.

9.    Class Actions:

No applicable.

10.    Related Cases:

The parties are unaware of any other case related to the instant matter.

11.    Relief:

Plaintiff seeks compensatory and punitive damages.

12.    Settlement and ADR:

The defendants are willing to stipulate to an Early Neutral Evaluation.

13.    Consent to Magistrate Judge for All Purposes:

The parties will consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

14.    Other References:

The parties do not suggest that this case is suitable for any other reference.

///

1    15.    Narrowing of Issues:

2    The parties have not presently identified any issues that can be narrowed by agreement.

3    16.    Expedited Schedule:

4    The parties do no propose that this is the type of case that can be handled on an expedited

5    basis with streamlined procedures.

6    17.    Scheduling:

7    The parties propose the following cutoff dates:

8    Non-expert discovery completed by February 2, 2009;

9    Expert witness disclosure and reports by February 10, 2009

10    Disclosure of experts and reports for experts intended solely for rebuttal on or before

11    February 24, 2009;

12    Expert discovery completed by March 10, 2009;

13    All motions, except for motions for continuances, temporary restraining orders or other

14    emergency applications, be filed by April 14, 2009;

15    Pre-trial conference June 9, 2009 at 2:00 p.m.;

16    Trial July 7, 2009.

17    18:    Trial:

18    The parties request that this case be tried to a jury and anticipate the length of trial to be 5

19    days.

20    19.    Disclosure of Non-Party Entities or Persons:

21    Defendants' Certificate of Interested Parties or Persons is filed concurrently herewith and,

22    pursuant to Local Rule 3-16, provides: [Defendants] certify that as of this date, other than the named

23    parties, there is no such interest to report.

24    20.    Other Matters:

25    The parties submit that the information set forth above encompasses all of the matters which

26    may be conducive to the just, efficient and economical determination of the action.

27    ///

28    ///

1   Date:      September 4, 2008

2                                                JONES & DYER

3
                                                 By:      /s/ Mark A. Jones
4                                                          MARK A. JONES
                                                           KRISTEN K. PRESTON
5                                                          Attorneys for Defendants Jose Rossi
                                                           and County of Napa
6
    Dated:        September 4, 2008
7
                                                 NAPA CITY ATTORNEY'S OFFICE
8

9                                                By:        /s/ David C. Jones
                                                           DAVID C. JONES
10                                                         Attorneys for Defendants City of Napa and
                                                           Napa Police Department
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
**CASE NO. C 07 3054 JSW**

H:\MAJ.cases\Jones v. County of Napa\Pleadings\Joint CMC Statement (revised).wpd

1

PROOF OF SERVICE BY MAIL

2

CCP Sections 1013a, 2015.5 and Rules of Court, Rule 2008

3

I am a citizen of the United States and a resident of the County of Sacramento.  I am over the age of eighteen

4

years and not a party to the within entitled action; my business address is 1800 J Street, Sacramento, California, 95814.

5

On this date, I served the foregoing documents described as follows: **DEFENDANTS' JOINT CASE**

6

**MANAGEMENT STATEMENT**  on the interested parties in this action by placing a true copy thereof enclosed in a

7

sealed envelope addressed as follows:

8

**FOR PLAINTIFF:**
Robert J. Jones, In Pro Per

9

2063 Main Street, Suite 222
Oakley, CA 94516-3302

10

(209) 204-5520

11

12

13

14

_____(BY FEDERAL EXPRESS) I caused such envelope to be delivered by hand to the offices of the addressee(s) via Federal Express.

15

16

__x____ (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Sacramento, CA.

17

_____ (BY PERSONAL SERVICE) I caused such envelope to be hand delivered to the above address.

18

_____ (BY FAX) by transmitting by facsimile copying machine a true copy thereof to telephone number

19

_____ known or represented to me to be the receiving telephone number for facsimile copy transmission of the parties/person/firms listed above.

20

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

Executed on _____September 4, 2008____ at Sacramento, California.

22

_/s/ Mary Alice Myers_____

23

MARY ALICE MYERS

24

25

26

27

28

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
**CASE NO. C 07 3054 JSW**