IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT J. JONES,

    Plaintiff,

v.

NAPA POLICE DEPARTMENT, et al.,

    Defendants.

No. C 07-03054 JSW

**ORDER TO SHOW CAUSE**

In an Order dated September 26, 2008, the Court dismissed all of plaintiff Robert J. Jones's ("Plaintiff") claims against defendants County of Napa, Deputy District Attorney Jose Rossi, and the City of Napa. Plaintiff's remaining claims are against his soon to be ex-wife Michelle Jones ("Ms. Jones") and Thomas Toler, an alleged bail bondsman. In addition to state-law claims, Plaintiff asserts claims under 42 U.S.C. § 1983 ("Section 1983") against Ms. Jones and Toler.

To state a claim under Section 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or federal statute. *Id.* Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). The complaint, therefore, must allege facts tending to show that the private parties' conduct has caused a deprivation of federal rights that may be fairly attributable to the State. *Id.* at 708 (*quoting Jones v. Community Redevelopment Agency,* 733 F.2d 646, 649 (9th Cir. 1984) (holding that conclusionary allegations of action under color of state law, "unsupported by facts, [will be] rejected as insufficient to state a

claim.")). A two-part test exists to determine whether private-party action causes a deprivation that occurs under color of state law. *Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 937 (1982). First, the deprivation must be caused by the exercise of some right or privilege created by the State; by a rule of conduct imposed by the state; or by a person for whom the State is responsible. *Id.* Second, the party charged with the deprivation must be a state actor. *Id.* A person may become a state actor by performing a public function or being regulated to the point that the conduct in question is practically compelled by the State. *Vincent v. Trend Western Technical Corp.,* 828 F.2d 563, 569 (9th Cir. 1987). Conclusory allegations of a conspiracy between private individual and state actors are insufficient as a matter of law to allege the requisite state action. *Woodrum v. Woodward County, Okl.,* 866 F.2d 1121, 1126 (9th Cir.1989).

Accordingly, Plaintiff is HEREBY ORDERED TO SHOW CAUSE in writing no later than **October 20, 2008**, as to why the Court should not dismiss his Section 1983 claims against Ms. Jones and Tohler for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**IT IS SO ORDERED.**

Dated: September 30, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT J. JONES,

        Plaintiff,

  v.

NAPA POLICE DEPT. et al,

        Defendant.

Case Number: CV07-03054 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 30, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert J. Jones
2063 Main St.
Suite 222
Oakley, CA 94561-3302

Dated: September 30, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk